IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHELLE DENISE HOWARD                                                                    PLAINTIFF

vs.                                          Civil No. 4:19-cv-04011

PAM CHERRY, *et al*                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is separate Defendant, Pam Cherry's, ("Cherry") Motion To Dismiss. ECF No. 13. Plaintiff filed a response to this motion. ECF No. 25. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. This Court, having reviewed the parties arguments and briefing, recommends Defendant Cherry's Motion To Dismiss (ECF No. 13) be **GRANTED.**

**1. Background**

On January 30, 2019, Plaintiff filed a *pro se* Complaint against Defendants Pam Cherry and Pam Fisk. In the Complaint, Plaintiff alleges Cherry, a Department of Human Services ("DHS") family service caseworker, defamed her after DHS took custody of her child and instituted legal proceedings against Plaintiff. Plaintiff argues DHS had custody of her child and Cherry defamed Plaintiff when Cherry presented evidence to the state trial court regarding the welfare of the child and the Plaintiff's participation in services. Cherry was named a Defendant in her official and individual capacities.

On April 2, 2019, Cherry filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). ECF. No. 13. Plaintiff responded to this motion on

June 18, 2019. ECF No. 25.

**2. Applicable Law**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.*" Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 328 (8th Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 256 (2013) ). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *See Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). The complaint must have a short and plain statement of the claim showing the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Twombly,* 550 U. S. at 555. While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *See Twombly*, 550 U.S. at 556.

The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *See Braden v. Wal–Mart Stores,* Inc., 588 F.3d 585, 594 (8th Cir.2009). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the *pro se* litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

**3.  Discussion**

In reviewing Plaintiff's pleadings, she alleges DHS had custody of her child and Cherry, who is a DHS family service caseworker, defamed Plaintiff when Cherry presented evidence to the state trial court regarding the welfare of the child and the Plaintiff's participation in services.  ECF No. 2. Plaintiff alleges in her Complaint that Cherry defamed her by: (1) informing Plaintiff that is Plaintiff wanted to write to her child, she had to do so through Cherry and (2) then repeating the statement to Plaintiff during a state court proceeding.

Pursuant to 28 U.S.C. § 1331 and § 1332, federal courts only have original subject matter jurisdiction over two types of cases: (1) federal question cases; and (2) diversity of citizenship cases. 28 U.S.C. § 1331; 28 U.S.C. § 1332.  The present action is not a diversity of citizenship case as all of the adverse parties are not completely diverse with regard to citizenship.  Therefore, jurisdiction is proper only if the case presents a federal question.

 Plaintiff's allegations of defamation fail to support a constitutional claim for relief.  The United States Supreme Court has long held that defamation by a state or local official does not, by itself, violate rights protected by the federal constitution.  *See Paul v. Davis*, 424 U.S. 693, 711-712 (1976).  In addition, defamation is not actionable under section 1983 and damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither 'liberty' nor 'property'

guaranteed against state deprivation without due process of law." *Johnson v. Barker,* 799 F.2d 1396, 1399 (9th Cir. 1986).

Accordingly, since this court lacks subject matter jurisdiction over this matter as to Defendant Cherry, this Court recommends Plaintiff's Complaint against Defendant Cherry be dismissed.

### 4. Conclusion

Based upon the foregoing, this Court recommends separate Defendant Cherry's Motion To Dismiss (ECF No. 13) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 30th day of September 2019.**

                                                                        s/ *Barry A. Bryant*
                                                                        HON. BARRY A. BRYANT
                                                                        U. S. MAGISTRATE JUDGE