IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHELLE DENISE HOWARD                                    PLAINTIFF

vs.                              Civil No. 4:19-cv-04011

PAM CHERRY, *et al*                                        DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is separate Defendant, Pamela Fisk's, ("Fisk") Motion To Dismiss. ECF No. 17. Plaintiff filed a response to this motion. ECF No. 25, 38, 39. Pursuant to the provisions of 28 U.S.C. ç 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. This Court, having reviewed the parties arguments and briefing, recommends Defendant Fisk's Motion To Dismiss (ECF No. 17) be **GRANTED.**

## 1. Background

On January 30, 2019, Plaintiff filed a *pro se* Complaint against Defendants Pam Cherry and Pamela Fisk. In the Complaint, Plaintiff alleges Fisk to be a Department of Human Services ("DHS") attorney. ECF No. 2. Plaintiff further alleges Fisk (1) failed to aggressively advocate for her; (2) failed to counsel her before court proceedings; (3) failed to submit proof of her statements; (4) failed to notify her the Department of Human Services was holding her mail; and (5) told her the judge would not approve visitation in prison. *Id.* Fisk was named a Defendant in her official and individual capacities.

On April 2, 2019, Fisk filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF. No. 17. Plaintiff responded to this motion on June 18, 2019. ECF No. 25. Plaintiff also filed additional responses on October 28, 2019 and

1

November 25, 2019.   ECF Nos. 38, 39

## 2.  <u>Applicable Law</u>

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief.   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).   The Court does not, however, accept as true any allegation that is a legal conclusion.   *See Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009).   The complaint must have a short and plain statement of the claim showing the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.   *See Twombly,* 550 U. S. at 555. While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient.   *See Twombly*, 550 U.S. at 556.

The complaint must set forth enough facts to state a claim to relief that is plausible on its face.   *See Braden v. Wal–Mart Stores,* Inc., 588 F.3d 585, 594 (8th Cir.2009).   In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."   *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim.    *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers,"   *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the *pro se* litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in

2

*Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

**3.**   **Discussion**

In her Motion to Dismiss, Fisk argues she is entitled to sovereign immunity, absolute immunity, and qualified immunity.   These arguments will be discussed separately below.

**A.**   **Sovereign Immunity**

Plaintiff filed suit against Fisk in her official capacity.[1]   "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.   As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) (citation omitted) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Treleven v. Univ. of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996).   Section 1983 claims against the State of Arkansas and its agencies are barred by the Eleventh Amendment. *Murphy v. Arkansas*, 127 F.3d 750, 754 (citing *Quern v. Jordan*, 440 U.S. 332, (1979) ); *Alabama v. Pugh*, 438 U.S. 781 (1978).   A state official sued in his or her official capacity is protected under sovereign immunity of the Eleventh Amendment from all claims except equitable relief.   *See Hopkins v. Saunders*, 199 F.3d 968, 977 (8th Cir. 1999).

In this matter, Plaintiff seeks both money damages and injunctive relief.   Under the exception set forth in *Ex Parte Young*, 209 U.S. 123 (1908), "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment." *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007).   "In determining whether this exception applies, a court conducts a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."   *281 Care Committee v. Arneson I*, 638 F.3d 621, 632 (8th Cir. 2011) (internal

---

1  The Court will take as true the allegation in the Complaint that Fisk is an employee of the State of Arkansas.

quotation marks and citation omitted). The facts alleged by Plaintiff do not indicate any ongoing violation of federal law on the part of Fisk. Accordingly, there is no continuing constitutional violation for this Court to enjoin. Because Injunctive relief is not available it is recommended that Plaintiff's claims against Fisk in her official capacity should be dismissed as a result of the application of sovereign immunity.

### B. Qualified Immunity

Again, assuming the truth of the allegations in the complaint, Fisk is an employee of the State of Arkansas. The doctrine of qualified immunity protects government actors from personal liability under a Section 1983 claim "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Two questions are considered in determining whether officials are protected by qualified immunity: (1) whether the facts alleged, viewed in the plaintiff's favor, support a finding that the conduct of the defendants violated a constitutional right; and (2) whether that constitutional right was "clearly established" at the time of the incident such that a reasonable officer would have known that his or her actions were unlawful. *Id.*, 555 U.S. at 232.

First, the Court must decide if the facts alleged, taken in the light most favorable to Plaintiff, demonstrate a violation of a federal constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). In this case, the factual allegations asserted by Plaintiff, assuming all to be true, shows Fisk: (1) failed to aggressively advocate for her; (2) failed to counsel her before court proceedings; (3) failed to submit proof of her statements; (4) failed to notify her the Department of Human Services was holding her mail; and (5) told her the judge would not approve visitation in prison. ECF No. 2.

In reviewing Plaintiff's Complaint, the allegations that Fisk failed to aggressively

4

advocate for her; failed to counsel her before court proceedings; failed to submit proof of her statements; and told her the judge would not approve visitation in prison, do not involve violations of a constitutional right.   This conduct does not violate any "clearly established" constitutional right at the time alleged.   The Court need not address whether Defendant's actions were objectively reasonable in relation to these facts.

Plaintiff also alleges her mail is being wrongfully withheld by the DHS.   This allegation when viewed in the Plaintiff's favor, could involve a violation of a constitutional right as inmates have a First Amendment right of free speech to send and receive mail.   *See Hudson v. Palmer*, 468 U.S. 517, 547 (1984).   However, the Plaintiff's allegations fail to show that the conduct of Fisk violated this right.   Plaintiff only alleges that Fisk failed to notify her the Department of Human Services was holding her mail.

Therefore, it is recommended that Defendant Fisk be granted qualified immunity and all claims against her in her individual capacity should be dismissed as a matter of law.

4. **Conclusion**

Based upon the foregoing, this Court recommends separate Defendant Fisk's Motion to Dismiss (ECF No. 17) be **GRANTED.** [2]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.   *See Thompson* v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

---

2 Because the Court is recommending dismissal of Fisk on sovereign and qualified immunity grounds the claim of "absolute immunity" is not discussed.

DATED this 30th day of January 2020.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE