IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHELLE DENISE HOWARD                                                      PLAINTIFF

v.                                    Case No. 4:19-cv-4011

PAM CHERRY, *et al.*                                                       DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed January 30, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 46. Judge Bryant recommends that the Court grant Separate Defendant Pamela Fisk's Motion to Dismiss (ECF No. 17) and dismiss all claims against her. Plaintiff has responded with objections. ECF No. 55. The Court finds the matter ripe for consideration.

On January 30, 2019, Plaintiff, representing herself, filed the complaint in this matter. Pursuant to 42 U.S.C. § 1983, Plaintiff makes the following allegations against Pamela Fisk, an Arkansas Department of Human Services ("DHS") attorney: (1) failure to aggressively advocate for Plaintiff; (2) failure to counsel Plaintiff before court proceedings; (3) failure to verify certain information required by the case plan after Plaintiff signed a release allowing Fisk access to the information; and (4) failure to notify Plaintiff that DHS was holding her mail. Plaintiff also alleges that Fisk gave her false information concerning whether the state court judge would allow Plaintiff visitation with her daughter while Plaintiff was in prison. Plaintiff is suing Fisk in both her individual and official capacities.

Judge Bryant recommends that, because Fisk is a state official being sued in her official capacity, she is immune from suit pursuant to the Eleventh Amendment. In her objections, Plaintiff argues that Fisk is not entitled to sovereign immunity "because [Plaintiff] is seeking monetary

damages and an injunction that will allow [her] a final visit [with her daughter] and allow [her] to write [to her daughter]." ECF No. 55, p. 8.

Official capacity claims brought against employees of a state are considered to be actions against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, such actions are subject to the limitations imposed by the Eleventh Amendment, which provides that states are immune from claims brought against them in federal court unless the state has waived its immunity or the state's immunity has been overridden by Congress. *Will*, 491 U.S. at 66. "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment Immunity." *Id.* Arkansas and its agencies and officials have not consented to suit in federal court. *See Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991). Accordingly, Plaintiff's claims for monetary damages against Fisk in her official capacity are barred by the Eleventh Amendment.

"Under the exception established in *Ex parte Young*, a private party may sue state officials in their official capacities for prospective injunctive relief." *McDaniel v. Precythe*, 897 F.3d 946, 951-952 (8th Cir. 2018) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'm of Md.*, 535 U.S. 635, 645 (2002)). In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court conducts a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (quoting *Verizon*, 535 U.S. at 645). The Court agrees with Judge Bryant's finding that the facts alleged by Plaintiff do not indicate any ongoing violation of federal law by Fisk. Thus, the *Ex parte Young* exception does not apply, and Plaintiff's claim for injunctive relief against Fisk in her official capacity is barred by the Eleventh Amendment.

Turning now to Plaintiff's individual capacity claims against Fisk, Plaintiff does not specifically address Judge Bryant's determination that Fisk is entitled to qualified immunity.

Assuming the truth of the facts alleged in Plaintiff's complaint, the Court agrees with Judge Bryant's finding that the allegations do not involve violations of a constitutional right. Thus, the Court must conclude that Fisk is entitled to qualified immunity and dismiss all individual capacity claims against her. *See Estate of Walker v. Wallace*, 881 F.3d 1056, 1060 (8th Cir. 2018) ("An individual is entitled to qualified immunity if his conduct does not violate clearly established constitutional rights of which a reasonable person would have known.") Thus, the Court must conclude that Fisk is entitled to qualified immunity and dismiss all individual capacity claims against her.

Accordingly, based on its own de novo review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 46. All claims against Separate Defendant Pamela Fisk are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge